UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | |
|---|---|
| **MENDEZ,** *as parent and natural guardian of A.C.*, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: __10/13/2020__ |
| **Plaintiff,** | |
| v. | **19-cv-02945 (ALC)**<br>**ORDER** |
| **NEW YORK CITY DEPARTMENT OF EDUCATION,** | |
| **Defendant.** | |

-------------------------------------------------------------------: x

**ANDREW L. CARTER, JR., District Judge:**

The Court now considers two questions: whether this action under the Individuals with Disabilities Education Act ("IDEA") is moot and whether, in light of the Second Circuit's May 18, 2020 decision in *Ventura de Paulino v. N.Y.C. Department of Education*, Plaintiff Eileen Mendez fails to state a claim upon which relief may be granted. The Court answers both questions in the affirmative and therefore dismisses this claim.

A.C., a student with developmental impairments, attended International Academy of Hope (iHOPE) during the 2017-2018 school year. Compl. at 9. An unappealed March 13, 2018 Findings of Fact and Decision rendered by Impartial Hearing Officer Jeffrey J. Schiro in Impartial Hearing Case No. 170982 established iHOPE as A.C.'s pendency placement. Compl. ¶¶ 10-11, 17. On June 21, 2018, A.C.'s parents provided the New York City Department of Education ("DOE") with a 10-Day Notice indicating that A.C. was being placed into the

International Institute for the Brain ("iBRAIN") educational program for the 2018-2019 school year. Compl. ¶ 12.

On July 9, 2018, the parents brought a due process complaint under Impartial Hearing Case No. 175170 against the DOE alleging, among other things, that the DOE did not provide A.C. with a Free Adequate Public Education for the 2018-2019 school year and requesting as relief, among other things, a "stay-put" or pendency order requiring the DOE to fund A.C.'s placement at iBRAIN during the due process proceeding. Compl. ¶ 14. On December 25, 2018, Impartial Hearing Officer John Farago issued a decision finding that A.C.'s program at iBRAIN was her pendency placement and directing the DOE to fund such placement while the due process proceeding ran its course. Compl. ¶ 18. The DOE appealed to the State Review Office. Compl. ¶ 19. On March 26, 2019, State Review Officer Steven Krolak rendered a decision in SRO Appeal No.19-015 reversing Impartial Hearing Officer Farago's decision, including the grant of pendency at iBRAIN. Compl. ¶ 20.

On April 2, 2019, Plaintiff initiated the instant action against the DOE. Plaintiff seeks a preliminary injunction "[v]acating SRO Decision 19-015 dated March 26, 2019 and ordering the DOE to fund A.C.'s pendency placement at iBRAIN for the 2018-2019 school year, until a final adjudication on the due process complaint is complete". Compl. at 5. Plaintiff also seeks a judgment "[o]rdering other equitable relief and damages due to [Plaintiff] as a result of the failure or delay in funding pendency placement for A.C."; "[d]eclaring that the DOE violated A.C.'s rights"; an award of costs and attorneys' fees; and further relief as the Court deems appropriate. Compl. at 5-6.

"Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*,

722 F.3d 78, 80 (2d Cir. 2013) (citing *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)). To avoid mootness, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted). A court "may declare the rights and other legal relations of any interested party seeking such declaration," but only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (citations and internal quotes omitted). Put another way, a court may not render a declaratory judgment without a controversy of "sufficient immediacy and reality to warrant issuance of a declaratory judgment". *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Here, Plaintiff initially requested relief related to the 2018-19 school year. Since the initiation of this action, the due process proceeding resolved in Plaintiff's favor. The DOE did not appeal this favorable decision and fully funded A.C.'s placement at iBRAIN for the 2018-19 school year. ECF No. 36 at 2. The Court concludes that Plaintiff's requested injunctive relief has been rendered moot by the DOE's fully funding A.C.'s 2018-19 tuition. The Court also concludes that, A.C.'s 2018-19 tuition having been paid, it is without a controversy of "sufficient immediacy and reality to warrant issuance of a declaratory judgment". *Zwickler*, 394 U.S. at 108.

Plaintiff's arguments that the claim is not moot are unavailing. *First*, Plaintiff argues her claim is not moot because she "seek[s] an award of damages for DOE's violation of her pendency rights". ECF No. 37 at 2. But that argument is foreclosed by the Second Circuit's opinion in *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020). There, the Second Circuit considered an issue of first impression: "whether under the 'stay-put' provision of the IDEA parents who unilaterally enroll their child in a new private school and challenge the child's IEP are entitled to public funding for the new school during the pendency of the IEP dispute, on the basis that the educational program being offered at the new school is substantially similar to the program that was last agreed upon by the parents and the school district and was offered at the previous school." *Id.* at 524-25. The Second Circuit answered: "[P]arents are not entitled to such public funding because it is generally up to the school district to determine how an agreed-upon program is to be provided during the pendency of the IEP dispute. Regardless of whether iBRAIN's educational program is substantially similar to that offered previously at iHOPE, the IDEA does not require the City to fund the Students' program at iBRAIN during the pendency of their IEP dispute; when the Parents unilaterally enrolled the Students at iBRAIN, the Parents did so at their own financial risk." *Id.* at 525.

This is the very situation of which Plaintiff complains. A.C. was enrolled at iHOPE, and her parents unilaterally moved her to iBRAIN. Plaintiff sought pendency placement at iBRAIN, arguing it was substantially similar to iHOPE. The DOE appealed a decision requiring it to fund iBRAIN as A.C.'s pendency placement. The Second Circuit's recent decision confirms that A.C. was not entitled to pendency placement at iBRAIN. There was no violation of Plaintiff's pendency rights and therefore nothing for which Plaintiff may seek further damages.

Plaintiff's attempt to distinguish this case from *Ventura de Paulino* lacks merit. Specifically, Plaintiff argues this case fits into an "exception" "where the school providing the child's pendency services is no longer available *and* the school district either refuses or fails to provide pendency services to the child." ECF No. 34 at 4 (citing *Ventura de Paulino*, 959 F.3d at 534 n.65). However, Plaintiff admits that iHOPE still exists, *see* ECF No. 34 at 4, and that iHOPE was A.C.'s pendency placement, *see* ECF No. 36 at 2-3. Plaintiff seems to suggest that it is significant that iHOPE became A.C.'s pendency placement by operation of law. ECF No. 37 at 3 ("While the main holding of *Ventura de Paulino* is that a parent may not veto a school district's choice of the school where a student's educational program for pendency is to be administered, here, it is indisputable that DOE did not choose iHOPE, or any other school, for A.C.'s pendency. . . . In other words, DOE never recommended iHOPE for any purpose, at any time. iHOPE became the location of A.C.' s pendency placement, not by DOE's choice, but rather only by operation of law. Thus, DOE's failure to provide pendency services for A.C. is a crucial, distinguishing fact, as the Second Circuit found that DOE did choose iHOPE in *Ventura De Paulino*."). Contrary to Plaintiff's assertion, this distinction is nowhere found in *Ventura De Paulino*, nor does it persuade this Court.

*Second*, Plaintiff argues that the action is not moot because "unless Plaintiff's claims are fully adjudicated in this forum, Defendant will have evaded accountability for having violated Plaintiff's pendency rights, thereby remaining free to duplicate its wrongful conduct towards Plaintiff in the future." ECF No. 34 at 2. However, "[t]he voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Mhany Mgmt., Inc. v.*

*Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (citing *Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir.2002)). Even if A.C.'s pendency rights had been violated, there is no indication in the record that there is a likelihood that this situation will recur as to A.C. Nor does the record indicate that there is any effect of the alleged violation that has not been resolved by the payment of A.C.'s tuition for the 2018-19 school year.

For the reasons above, the Court therefore DISMISSES the instant action. The Clerk of Court is directed to close this case. Any motion for attorneys' fees must be filed by November 3, 2020, with any opposition filed by November 17, 2020, and any reply by November 24, 2020.

**SO ORDERED.**

**Dated:**   **October 13, 2020**
            **New York, New York**

                                                                   **HON. ANDREW L. CARTER, JR.**
                                                                     **United States District Judge**